## PRIORITY OF SURETIES OF GOVERNMENT OFFICERS AND AGENCIES.

[Circuit Court of Summit County.]

THE AMERICAN SURETY CO. OF NEW YORK v. THE AKRON SAV-
INGS BANK CO.

Decided, April, 1905.

*Priority—Of Claim of Surety—For a Designated Depositary—Of As-
sets of a Bankrupt—Paying to and Paying for the Government—
Section 3468, U. S. Statutes.*

1. There is no doubt that the same right of priority which belongs to
the United States Government, attaches to the claim of an indi-
vidual who as surety has paid money to the government; and it
may be the same right of priority extended to one who has satis-
fied a moral obligation of the government by responding as surety
for a federal officer or employe who has been guilty of misfeas-
ance.

2. But the surety of a bonded depositary of the assets of a bankrupt
has the same means of judging of the solvency of such deposi-
tary as are possessed by others who are entrusting their funds
to it, and to give such surety a preference would be a manifest
injustice and not within the contemplation of the law.

HENRY, J.; WINCH, J., and PARKER, J. (sitting in place of
Marvin, J.), concur.

The Akron Savings Bank Company was appointed by the
United States District Court, for the Northern District of Ohio,
as one of the depositaries for the funds of Aultman, Miller &
Company in bankruptcy.  It was required to give a bond to the
United States of America in the sum of two hundred and twenty
thousand dollars, which it did, with the American Surety Com-
pany of New York as its surety, to secure such deposits as the
trustees might from time to time make in said bank.
trustees in bankruptcy of Aultman, Miller & Company had on
   At the time of the failure of the Akron Savings Bank the
deposit in said bank, of the funds of said bankrupt, the sum of
$18,543.11.  The receivers have paid to the trustees a first divi-

dent, amounting to ten per cent. of this amount, to-wit, $1,854.31, leaving a balance of $16,688.80 still due to the trustees. The trustees made demand on the surety company for this balance, and the demand was complied with.

The claim of the American Surety Company, in this proceeding, is for said sum of $16,688.80, with interest from August 3, 1904. It furthermore prays that it may have a preference for the full amount thereof and that said claim may be discharged before payment to any other creditor of the Akron Savings Bank.

Section 3466 of the Revised Statutes of the United States, provides for the priority of payment of all claims due to the United States. Section 3466 extends the same priority to sureties on bonds given to the United States. Said section reads as follows:

"Whenever the principal in any bond given to the United States is insolvent, or whenever, such principal being deceased, his estate and effects which come to the hands of his executor, administrator, or assignee, are insufficient for the payment of his debts, and, in either of such cases, any surety on the bond, or the executor, administrator, or assignee of such surety pays to the United States the money due upon such bond, such surety, his executor, administrator, or assignee, shall have the like priority for the recovery and receipt of the moneys out of the estate and effects of such insolvent or deceased principal as is secured to the United States; and may bring and maintain a suit upon the bond, in law or equity, in his own name, for the recovery of all moneys paid thereon."

There is no doubt that the same right of priority, which belongs to the government, attaches to the claim of an individual, who, as surety, has paid money to the government. And the same is perhaps true where a surety pays money, as it were, *for* the government of the United States, in a case where the latter is under a merely moral obligation to restore to persons who have suffered loss through the malfeasance of a federal officer or employe such sums as may be recovered or recoverable by it in that behalf. See *U. S. of Am.* v. *The National Surety Company,*

decided by the U. S. District Court of Nebraska, a memorandum opinion wherein has been submitted to us.

It is claimed here that a trustee in bankruptcy, who is designated in the bankruptcy act as an "officer," falls within the same rule. It is said that inasmuch as he is required by law to deposit funds which are in his official custody in bonded depositaries designated by the Federal court having jurisdiction, he, as well as such depositaries, must be deemed to be acting for the United States, and as an arm of the government in the administration of such funds for the uses and purposes provided by the bankruptcy act.

We think the analogy thus invoked is pressed too far. The sureties in such a case as this have the option to act or not to act in that capacity. They have the same means of judging of the' solvency of the depositary as the ordinary rank and file of individual depositors. To give such sureties a preference would be a manifest injustice which we think the law does not contemplate. The United States has provided by law for suretyship of this character in order to preserve the integrity of bankrupts' estates, but it is not, nor has it assumed to become, the protector of such sureties by giving them the benefit of the preference which in other cases it claims for itself. We hold that the payment made by the surety in this case was not made to the United States, either directly or indirectly, within the meaning of the act above quoted.

The judgment or order below is affirmed.

*Dayton A. Doyle,* for plaintiff in error.

*Grant & Sieber,* for defendant in error.